OPINION OF THE COURT
David Demarest, J.
Pursuant to the provisions of Tax Law, article 37, § 1845 (c), the New York State Department of Taxation and Finance moves for an order confirming the temporary seizure of 8,662.5 liters of liquor and the tractor trailer in which it was hauled through New York State. Defendant opposes the confirmation of the seizure and seeks dismissal of the complaint arguing: lack of probable cause for the seizure; this court lacks jurisdiction vis-á-vis the Commerce Clause of the United States Constitution; and, alternatively, dismissal is required “in the interests of justice”.
It is alleged that although the documentation on board the common carrier indicated the liquor cargo was in transit from New Hampshire to Florida, the documentation was not in the form of the “Standard Manifest Form for Liquors”, i.e., form MT-132, required by the Tax Law and failed to include the name of a registered New York State liquor distributor. Absent this information, presumptions arose the liquor was possessed for use and/or sale within the State by other than a registered distributor. (Tax Law § 424 [1] [g]; § 428 [2].) These presumptions are rebuttable by the introduction of substantial evidence to the contrary.
Tax Law, article 37, § 1813 (f), (h) and (j) imposes criminal sanctions in the event importation of liquor into New York State for sale or use therein is by a person not registered as a liquor distributor by the Department of Taxation and Finance, or by one who fails to possess a properly completed liquor transport manifest, or by one who knowingly possesses liquor within the State upon which the tax has not been paid or assumed by a registered liquor distributor. Seizure of the liquor, along with its means of transportation, is authorized in the event the importation (in excess of 90 liters) is caused by a person not registered as a distributor. (Tax Law § 1845 [a], [c].) A distributor is defined as “any person who imports or causes to be imported into this state liquors for sale or use in this state” (Tax Law § 420 [4] [b]).
On October 2, 1998 the subject tractor trailer and its liquor cargo became entangled in low-hanging overhead electrical wires. Law enforcement authorities for the St. Regis Mohawk *605 Tribe arrived at the scene, assisted in extricating the truck, and upon learning the identity of the shipment, alerted the New York State Police which escorted the truck to its local barracks. With the assistance of the New York State Department of Taxation and Finance’s Office of Tax Enforcement’s Excise Tax Investigator it was revealed the driver was not carrying the statutorily required Manifest Form for Liquors. Moreover, upon inquiry of the truck driver by the Excise Tax Investigator, she determined none of the individuals or entities involved in the shipment were registered by the department and concluded the liquor was being unlawfully imported into the State. The driver’s explanation of his route was suspicious. Liquor cargo picked up in New Hampshire was being transported in a northwesterly direction across New York State despite the driver’s assertions that it was being transported to an unspecified location in either Florida or Georgia, and the documentation on board did not substantiate its ultimate destination.
Respondent avers the issue herein is whether article 18 of the Tax Law and applicable regulations authorize temporary seizures such as the one in the case at bar. Specifically, respondent calls upon this court to determine whether such seizure and forfeiture is preempted by Federal liquor laws and barred by the United States Constitution’s Commerce Clause. It is alleged that the seizure and forfeiture should be dismissed on the alternative bases of petitioner’s failure to state a cause of action against it and in the interests of justice. Respondent argues the scope of the State’s regulatory and tax jurisdiction is limited to transactions involving persons subject to New York’s taxing jurisdiction. Therefore, the laws and regulations respecting seizure and forfeiture apply only to liquor imported into this State “for sale or use [within New York State]”. (See, Tax Law § 1845 [d] [4]; 20 NYCRR 323.1 [e] [1]; 323.2 [a], [b].) Notably, since this shipment was not destined for delivery within the State’s borders, there could not be any “use” or “sale” in New York. By way of support, respondent cites the stated purpose of the 1993 Act (L 1993, ch 508) as enhancement of tax enforcement of alcoholic beverages, not one which was designed to further the State’s public health interests visa-vis who should or should not possess alcohol within its borders. It further cites the definitional section of the regulations wherein the “importer” must be subject to this State’s tax jurisdiction in accordance with Federal decisional law, and that if no tax is due, the forfeiture and seizure laws are inapplicable.
*606 Regardless of whether this seizure occurred on or off the St. Regis Mohawk Reservation, it is clear this court is faced, preliminarily, with determining the propriety of the statutory presumptions. Respondent’s arguments respecting the wholesale inapplicability of statutory presumptions based on bare assertions the liquor was not destined for sale or use in New York are unpersuasive. Despite counsel’s allegations to the contrary and in opposition to this motion, respondent has not offered any evidence in admissible form whatsoever that the liquor was, in fact, destined for delivery out of State — so as to substantiate its argument that the shipment is beyond the scope of Tax Law § 1845. To hold otherwise would constitute “circular reasoning” inasmuch as petitioner would be required to prove the cargo’s destination, requiring evidentiary proof which is, solely, within respondent’s control. It should be noted that the burdens placed upon respondent are not undue. They are not being called upon to disprove a negative — arguably an impossible task — but rather to disprove a positive, something well within its abilities and uniquely within its own knowledge. If the liquor was not destined for New York, where was it going? Respondent’s counsel’s affidavit, absent his personal knowledge, is of no use on this application.
The parties each cite Duckworth v Arkansas (314 US 390 [1941]). In that case the Court upheld the statute and penal provision requiring a liquor transporter shipping through Arkansas, a “dry” State, to possess a “permit”. Respondent contends Duckworth is inapposite since in the case at bar petitioner is, in effect, requiring a transporter to contract with a registered New York distributor, based on a statutory presumption, without regard for the fact that no tax is due since there is neither delivery, sale nor use within New York State. The court’s review of Tax Law §§ 421 and 1845 does not support this statement. Both statutory provisions only refer to shipments of liquor (in excess of 90 liters) being imported into New York for sale or use therein by a nonregistered distributor. To be sure, the definitional section of article 18 of the Tax Law defines a “distributor” as one importing or causing to be imported liquors into New York State for sale or use therein. Absent importation of liquors into this State for sale or use within the State, one cannot be considered a “distributor” within the existing statutory framework.
Tax Law § 428 requires an operator of a motor vehicle transporting in excess of 90 liters of liquor into New York to possess a Manifest Form for Liquors containing: name and ad *607 dress of person from whom such liquors were received and the date and place of receipt of such liquor and the name and address of every person to whom such operator is to make delivery of the same and the place of delivery, together with the number of liters to be delivered to each person, and, if such liquor is being imported into the State in such motor vehicle or such other means of transport, the name of the distributor importing or causing such liquors to be imported into the State and such other information as the commissioner may require pursuant to rule or regulation. (See, Tax Law § 428 [2].) In this case, respondent concedes there was a complete failure in this regard. The driver was unable to present the manifest as prescribed by statute. To the extent that Tax Law § 428 (2) permits presumptions to arise where the manifest is absent, the temporary seizure is permissible and the burden is now shifted to respondent to introduce evidence, in admissible form, to demonstrate the load was not for sale or use within the State’s borders. Requiring a transporter to carry and present a Manifest Form for Liquors, containing truthful and proper information respecting a liquor shipment traversing New York State, without more, is not unduly burdensome nor is it preempted by Federal law as being barred by the Interstate Commerce Clause of the United States Constitution. Compelling a transporter driving through New York State to possess form MT-132, in a certain prescribed form, is akin to Arkansas requiring a driver to obtain a permit to ship liquor through its State. Requiring a statutorily mandated form to accompany a load of liquor has neither the effect of imposing taxes nor imposing significant burdens upon the shipment so as to do violence to the Commerce Clause of the United States Constitution.
Petitioner’s motion to confirm the temporary seizure is granted, and respondent’s motion to dismiss the action is denied.